UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN SHEARROD,

    Petitioner,

v.

    Civil No. 2:14-CV-14128
    HONORABLE NANCY G. EDMUNDS
    UNITED STATES DISTRICT JUDGE

WILLIE SMITH,

    Respondent,
_____/

**OPINION AND ORDER SUMMARILY DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

John Shearrod, ("Petitioner"), confined at the Michigan Reformatory in Ionia, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for two counts of second-degree murder, M.C.L.A. 750.317; two counts of assault with intent to commit murder, M.C.L.A. 750.83; and two counts of armed robbery, M.C.L.A. 750.529. Respondent filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). For the reasons stated below, the petition for a writ of habeas corpus is **SUMMARILY DENIED**.

**I. Background**

Petitioner pleaded guilty to the above charges in the Detroit Recorder's Court, in exchange for dismissal of two first-degree murder charges.[1] Petitioner was sentenced on

---

[1] In 1996, the Michigan Legislature abolished the Detroit Recorder's Court and merged its functions with the Wayne County Circuit Court. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 769, n. 1 (E.D. Mich. 2003). Hence, any orders filed in the state courts in petitioner's case after 1996 have a case caption for the Wayne County Circuit Court and not the Detroit Recorder's Court.

1

November 7, 1976 to life in prison on the second-degree murder convictions, twenty to forty years in prison on the assault with intent to commit murder convictions, and twenty five to fifty years in prison on the armed robbery convictions.

Petitioner's direct appeals with the Michigan courts ended on April 14, 1980, when the Michigan Supreme Court denied petitioner leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals. *People v. Shearrod,* No. 64289 (Mich.S.Ct. April 14, 1980).

On October 5, 1982, petitioner filed a delayed motion for a new trial, which was denied by the trial court on October 11, 1982. The Michigan Court of Appeals denied petitioner leave to appeal on September 15, 1983. *People v. Shearrod*, No. 71058 (Mich.Ct.App. September 15, 1983). Petitioner did not appeal to the Michigan Supreme Court. [2]

In March of 1984, petitioner filed another motion for a new trial and a motion to withdraw his guilty plea, which was also denied. *People v. Shearrod,* No. 76-3450 (Detroit Recorder's Court, May 1, 1984). The Michigan Court of Appeals denied petitioner leave to appeal. *People v. Shearrod*, No. 79090 (Mich.Ct.App. October 1, 1984). Petitioner did not seek leave to appeal with the Michigan Supreme Court. [3]

In 1993, petitioner filed a post-conviction motion for relief from judgment, which was denied on April 13, 1993. *See People v. Shearrod,* No. 76-003450 (Wayne County Circuit

---

[2] *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, [Dkt. 11-2].

[3] *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, [Dkt. 11-2].

Court, September 24, 2013). [4]

On November 15, 2012, petitioner filed a second motion for relief from judgment, which was denied. *People v. Shearrod,* No. 76-003450 (Wayne County Circuit Court, September 24, 2013). The Michigan Court of Appeals denied petitioner leave to appeal on January 16, 2014. *People v. Shearrod*, No. 319216 (Mich.Ct.App. January 16, 2014). The Michigan Supreme Court rejected petitioner's application for leave to appeal because it was not timely filed. [5]

Petitioner's habeas application was filed on October 20, 2014. [6]

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(*quoting* Fed. R. Civ. P. 56(c). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond*

---

[4] Neither petitioner nor respondent provided the Court with a copy of any motion for relief from judgment filed by petitioner in 1993 or any order denying such motion. The 1993 motion is mentioned in the 2013 order denying petitioner's post-conviction motion. The docket sheet from the Wayne County Circuit Court does not even have any notations to any motion being filed by petitioner in 1993. See Registry of Actions [this Court's Dkt. # 12-6]. However, even giving petitioner the benefit of the doubt that a motion for relief from judgment was filed in 1993 and denied by the trial court in that year, it would not affect the untimeliness of the current habeas petition. Petitioner certainly does not claim any such motion was pending in the state courts from 1993 until he filed his 2012 motion for relief from judgment.

[5] *See* Affidavit of Larry Royster, Clerk of the Michigan Supreme Court, [Dkt. 12-7].

[6] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on October 20, 2014, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

3

*v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 835 (E.D. Mich. 2001). The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Although not jurisdictional, the AEDPA's one year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker,* 572 F. 3d 252, 260 (6th Cir. 2009). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001).

Petitioner's direct appeal ended when the Michigan Supreme Court denied petitioner leave to appeal on April 14, 1980. Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on July 13, 1980, when

4

he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188. Because petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had a one year grace period from this date to timely file a petition for habeas relief with the federal court. *See Israfil v. Russell*, 276 F. 3d 768, 771 (6th Cir. 2001).

The Court notes that petitioner filed two motions for a new trial in 1982 and 1984 respectively. The last of these motions was ultimately rejected by the Michigan Court of Appeals on October 1, 1984. This Court must resolve whether these two motions would be considered part of the direct review process or the collateral review process, for determining when the one year statute of limitations commenced pursuant to 28 U.S.C. § 2244(d)(1)(A). The Sixth Circuit, in the context of determining the applicability of the U.S. Supreme Court's holding in *Sandstrom v. Montana*,[7] has noted that "[t]he Michigan courts have generally adopted the view that long-delayed appeals are not regarded as part of a defendant's direct appeal." *Wheeler v. Jones,* 226 F. 3d 656, 659 (6th Cir. 2000)(*citing to People v. Ward,* 459 Mich. 602; 594 N.W. 2d 47, 52 (1999)). Petitioner's motions for a new trial should be considered collateral attacks on his conviction, because they were filed over five years years after his sentencing. *Ward,* 459 Mich. at 611-13 (defendant's motion to vacate his guilty plea, which was filed more than fourteen months after conviction, should have been considered a collateral attack on his conviction); *See also Paige v. Birkett,* 2006 WL 273619, * 4 (E.D. Mich. January 31, 2006). Petitioner subsequently filed a post-conviction motion for relief from judgment, which was denied on April 13, 1993. Because

---

[7] 442 U.S. 510 (1979).

all three of these motions for state post-conviction relief were denied prior to the AEDPA's enactment date of April 24, 1996, petitioner was still given one year from that date, that is, no later than April 24, 1997, to file his habeas petition, unless the statute of limitations was otherwise tolled. *See Miller v. Marr*, 141 F. 3d 976, 977 (10th Cir. 1998); *Davis v. Stegall,* 2003 WL 1867920, * 2 (E.D. Mich. March 17, 2003).

Petitioner filed his second post-conviction motion for relief from judgment on November 15, 2012, long after the one year limitations period had already expired. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. *See Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002). Petitioner's second motion for relief from judgment which was filed in the state court after the expiration of limitations period therefore did not toll the limitations period. *See Parker v. Renico,* 105 Fed. Appx. 16, 18 (6th Cir. 2004); *Hunt v. Stegall,* 174 F. Supp. 2d 565, 568 (E.D. Mich. 2001).

The Court recognizes that petitioner claims that he was unaware of the facts supporting three of his claims at the time of his direct appeal. These claims are: (1) petitioner should not have been allowed to plead guilty to second-degree murder because the plea bargain was illusory in that the only person who positively identified petitioner as the shooter was a co-defendant who had been offered a plea bargain to testify against him and the victim could not positively identify petitioner as the shooter, (2) trial counsel failed to request a competency hearing, and (3) petitioner was induced to plead guilty with an assurance that he would receive twenty to forty years in prison. Petitioner also claims that regarding his fourth claim, he was unaware until "many years later" that manslaughter was

a lesser offense of murder, so as to support his claim that counsel was ineffective for failing to inform petitioner of this fact.

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the AEDPA's one year limitations period begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence by the habeas petitioner. *See Ali v. Tennessee Board of Pardon and Paroles,* 431 F. 3d 896, 898 (6th Cir. 2005). However, the time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner. *Redmond v. Jackson,* 295 F. Supp 2d at 771. Moreover, the time under the AEDPA's limitations period begins to run pursuant to § 2244(d)(1)(D) when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his or her claims, not when the petitioner recognizes the facts' legal significance. *Id.* More importantly, "§ 2244(d)(1)(D) does not convey a statutory right to an extended delay while a petitioner gathers every possible scrap of evidence that might support his claim." *Redmond,* 295 F. Supp. 2d at 771. Lastly, newly discovered information "that merely supports or strengthens a claim that could have been properly stated without the discovery ... is not a 'factual predicate' for purposes of triggering the statute of limitations under § 2244(d)(1)(D)." *See Jefferson v. U.S.,* 730 F. 3d 537, 547 (6th Cir. 2013)(quoting *Rivas v. Fischer*, 687 F.3d 514, 535 (2nd Cir. 2012)). The AEDPA's limitations period governing a habeas petition which asserts an ineffective assistance of trial counsel claim runs pursuant to § 2244(d)(1)(D) from the date on which the petitioner learns of the underlying facts in support of his or her ineffective assistance of counsel claim. *See Bolton v. Berghuis,* 164 Fed. Appx. 543, 546-47 (6th Cir. 2006).

Petitioner was aware at the time of his plea that the only person to positively identify him as the shooter was his co-defendant, that the victim had failed to identify him as the shooter, that counsel failed to request a competency hearing, that he had been promised a sentence of 20-40 years if he pleaded guilty, and that counsel failed to advise petitioner that manslaughter was a lesser offense to murder. Petitioner knew at the time of sentencing that the judge sentenced him to life in prison on the second-degree murder conviction, in violation of the alleged promise that he would receive 20-40 years in prison. In the present case, the commencement of the one year limitations period was not delayed pursuant to § 2244(d)(1)(D), in light of the fact that petitioner was aware of the factual basis of his claims prior to or at sentencing. *See e.g. Whalen v. Randle,* 37 Fed. Appx. 113, 119 (6th Cir. 2002).

The Court is also cognizant of the fact that petitioner alleges in his seventh claim that his sentence for life imprisonment for second-degree murder as a juvenile violates the Supreme Court's decision in *Miller v. Alabama,* 132 S. Ct. 2455 (2012), in which the Supreme Court held that a mandatory sentence of life imprisonment without parole for defendants who were under 18 years old when they committed their crimes violates the Eighth Amendment. 28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The statute of limitations does not constitute a jurisdictional bar to habeas review, thus, a federal court, can, in the interest of judicial economy, proceed to the merits of a habeas petition or claim. *See Smith v. State of Ohio Dept. of Rehabilitation,* 463 F. 3d 426,

429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,* 447 F. 3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve whether the holding in *Miller* is retroactive to cases on collateral review because even if it is, petitioner would not be entitled to relief. Petitioner was convicted of second-degree murder, not first-degree murder. Under Michigan law, a conviction for first-degree murder requires a non-parolable life sentence, whereas a conviction of second-degree murder is parolable. *See Perkins v. LeCureux*, 58 F.3d 214, 216 (6th Cir. 1995). Petitioner was sentenced to a parolable life sentence. "The United States Supreme Court has never suggested that a sentence of life with the possibility of parole for a juvenile offender is unconstitutional." *Morhy v. Long*, No. ED CV 14-301-BRO PJW, 2015 WL 226015, at *11 (C.D. Cal. Jan. 16, 2015). Because petitioner was not sentenced to a non-parolable life sentence, he would not be entitled to relief on this claim, even if *Miller* was retroactive to claims on collateral review. *See e.g. Bunch v. Smith*, 685 F.3d 546, 553 (6th Cir. 2012).

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Sixth Circuit has observed that "the doctrine of equitable tolling is used sparingly by federal courts." See *Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *Id.*

Petitioner alleges that he was not mentally competent to plead guilty because he had

dropped out of high school, had a sixth grade education, and was functioning at a "dull-normal" range and was "borderline retarded."

A habeas petitioner's mental incompetence or incapacity may provide a basis for equitable tolling of the AEDPA's statute of limitations. *See Ata v. Scutt*, 662 F. 3d 736, 742 (6th Cir. 2011). In order to obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a habeas petitioner must show that (1) he is mentally incompetent, and (2) his mental incompetence caused his failure to comply with the AEDPA's statute of limitations. *Id.* Moreover, " a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). In order for a habeas petitioner's mental incapacity to warrant the equitable tolling of the AEDPA's statute of limitations, "the petitioner must demonstrate that the incompetence affected his or her ability to file a timely habeas petition." *Robertson v. Simpson,* 624 F. 3d at 785. Moreover, "[m]ental incompetence is not a *per se* reason to toll a statute of limitations." *McSwain v. Davis*, 287 Fed. Appx. 450, 456 (6th Cir. 2008); *See also Brown v. McKee,* 232 F. Supp. 2d 761, 767 (E.D. Mich. 2002). "In order to be entitled to equitable tolling the petitioner must make a threshold showing of incompetence and must also demonstrate that the alleged incompetence affected her ability to file a timely habeas petition." *McSwain,* 287 Fed. Appx. at 456, *See also Nowak v. Yukins*, 46 Fed.Appx. 257, 259 (6th Cir. 2002). A habeas petitioner must allege more than the "mere existence of physical or mental ailments" in order to qualify for the equitable tolling of the AEDPA's statute of limitations. *Brown v. McKee,* 232 F. Supp. 2d at 767.

In the present case, petitioner alleges that he suffers from mild mental retardation.

A habeas petitioner's mild mental retardation is not grounds for equitably tolling the limitations period in the absence of any indication that this mild mental retardation made him unable to manage his court filings or participate in the court proceedings. *See Pinchon v. Myers,* 615 F. 3d 631, 641-42 (6th Cir. 2010).

Petitioner has failed to show that his mild mental retardation prevented him from timely filing his habeas petition. Petitioner has over the years filed several post-conviction motions and appeals on his behalf, as well as the current habeas petition. Petitioner was able to pursue both direct and collateral challenges to his conviction in the state courts as well as federal post-conviction relief while suffering from his alleged mental impairment, thus, he has failed to show a causal connection between his mental impairment and his ability to timely file a habeas petition, so as to justify the equitable tolling of the limitations period. *See McSwain v. Davis,* 287 Fed. at 457; *See also Bilbrey v. Douglas,* 124 Fed. Appx. 971, 973 (6th Cir. 2005). Because petitioner has failed to show that his mild mental retardation prevented him from timely filing his habeas petition, he is not entitled to equitable tolling on this basis. *Pinchon,* 615 F. 3d at 641-42.

The one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *McQuiggin v. Perkins*, 133 S. Ct. 192, 1928 (2013). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[.]" *Id.* "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup*, 513 U.S. at 329). For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support

11

his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Any actual innocence exception to AEDPA's statute of limitations is also inapplicable, in light of the fact that petitioner pleaded guilty to the charges that he challenges in this petition. *See Reeves v. Cason,* 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner has failed to offer "new reliable evidence" that is "so strong that a court cannot have confidence in the outcome" of his guilty plea. *See Connolly v. Howes,* 304 Fed.Appx. 412, 419 (6th Cir. 2008). Any actual innocence claim is also unpersuasive in light of petitioner's unexplained lengthy delay in pursuing his state and federal post-conviction remedies. *See Freeman v. Trombley,* 483 Fed. Appx. 51, 64-65 (6th Cir. 2012).

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue.

F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

The Court will deny petitioner a certificate of appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. *Grayson v. Grayson,* 185 F. Supp. 2d 747, 753 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

### IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*

                                          s/ Nancy G. Edmunds  
                                          **HON. NANCY G. EDMUNDS**  
Dated: July 7, 2015                    UNITED STATES DISTRICT COURT